## Moosic Lakes, Inc., License

*Charles N. Bourke*, for appellant.

*Peter P. Jurchak*, for Pennsylvania Liquor Control Board.

EAGEN, J., April 26, 1948.—This is an appeal from an order of the Pennsylvania Liquor Control Board refusing to grant the issuance of a restaurant liquor license.

Petitioner is a corporation engaged in the development of real estate at Moosic Lake, Jefferson Township, Lackawanna County. The Pennsylvania Legislature has determined by the Liquor License Quota Act of June 24, 1939, P. L. 806, that the maximum number of alcoholic beverage dispensing licenses in this township shall not exceed two in number. At present there are four such licenses in existence.

It is the contention of appellant that the site of the proposed licensed premises is in a "resort area" and that the license should be granted in accordance with section 3 of the act, which provides:

"The Pennsylvania Liquor Control Board shall have the power to increase the number of licenses in any such municipality which, in the opinion of the board, is located within a resort area."

A petition has been filed with the court in opposition to the granting of the license, signed by 54 property owners at the lake. Many of those appeared before the court to personally voice their attitude. It has been brought to our attention that in every instance where private individuals purchased land at the lake, the deeds of conveyance contained a restrictive clause

prohibiting the sale of intoxicating liquors thereon. There was testimony that these landowners were informed when solicited to purchase and establish at the lake that the site intended for the licensed restaurant would be a community center for the recreational use by the children. Many newspaper advertisements inviting purchasers of lake lots stressed privacy and all the year around home atmosphere. The use of the lake and other facilities has been limited as to the number of guests allowed each landowner.

The Pennsylvania Liquor Control Board found that Moosic Lake is not a "resort area" and refused the license. Under the circumstances, we cannot see any abuse of discretion.

The appeal is, therefore, dismissed, April 26, 1948.